UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA DEWDNEY,

     Plaintiff,

v.                                         Case No.  8:07-cv-567-T-24 TBM

ECKERD CORPORATION,
a foreign corporation,

     Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant Eckerd Corporation's Motion for

Involuntary Dismissal with Prejudice Based on Plaintiff's Fraud on the Court.  (Doc. No. 19.)

Plaintiff, Barbara Dewdney, who is proceeding in this matter *pro se*, has filed a response in

opposition.  (Doc. No. 25.)  On June 5, 2008, this Court held an evidentiary hearing on

Defendant's motion, wherein both parties were given the opportunity to present their arguments

and evidence in support thereof.

A party commits "fraud upon the court" when clear and convincing evidence

demonstrates that:

> a party has sentiently set in motion some unconscionable scheme calculated to interfere
> with the judicial system's ability impartially to adjudicate a matter by improperly
> influencing the trier or unfairly hampering the presentation of the opposing party's claim
> or defense.

Vargas v. Peltz, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995).  When a party fabricates evidence

purporting to substantiate its claims, federal case law is well established that dismissal is

appropriate pursuant to Federal Rule of Civil Procedure 41(b).[1] Id. at 1581.

Plaintiff's allegations are as follows: that sometime in April of 2004, Plaintiff went to an Eckerd Drug Store's drive-through pharmacy to purchase prescription drugs.  While Plaintiff was in her car completing the purchase transaction with the pharmacy, the pharmacy personnel pulled the drawer in the drive-through window on Plaintiff's hand, causing severe injuries.  Plaintiff claims that it was Defendant's negligence that caused her injury, and that as a result of such negligence, she suffered various and extensive damages.

In the instant case, Defendant argues that the following falsifications, fabrications, and exaggerations provide ample support for its motion.  First, Defendant argues that Plaintiff's allegation in her complaint, responses to interrogatories, and at her deposition that she suffered a broken hand as a result of the drawer being pulled closed on her hand was false, because no bones were actually broken as a result of the accident.  Second, Defendant argues that Plaintiff's claim for lost wages was fabricated, because she was already 100% disabled, unemployed, and on full social security benefits on the date of the accident.  Third, Defendant argues that Plaintiff's allegation that her husband lost his job as a result of on the accident was false, and any claim for damages related thereto was fabricated, because her husband lost his job due to separate health-related issues.  Fourth, Defendant argues that Plaintiff's claim for lost business

---

[1]Federal Rule of Civil Procedure 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

opportunity was fabricated, because any business opportunity did not become known to her until four to six months after the accident. Fifth, Defendant argues that Plaintiff's claim for loss of capacity for the enjoyment of life was inflated and exaggerated, because the activities Plaintiff stated she can no longer enjoy (specifically, softball, biking or bowling) had not been performed by Plaintiff for at least four years prior to the accident. Sixth, Defendant argues that Plaintiff's allegation that she had to go to the emergency room immediately after the accident was false, because she was not actually seen by an emergency room physician until two days later. Seventh, Defendant argues that Plaintiff's allegation of loss of hand strength was fabricated or exaggerated, because it has been documented by her physician as an "effort-related phenomena," in that she was intentionally doing poorly on the hand strength tests. Eighth, and finally, Defendant argues that Plaintiff's statement at her deposition that she had video or photographic evidence in support of her case was either false, or such evidence has been purposefully withheld, from Defendant. Defendant argues that taken together, the evidence indicates that involuntary dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure.

At the hearing, the Court questioned Plaintiff about these alleged fabrications, and Plaintiff was given the opportunity to present testimony and evidence in support of her contention that she was not lying. First, the Court pointed out to Plaintiff that her complaint, her response to interrogatories, and her response to requests for admission all provided a different date of when the accident occurred. Plaintiff assured the Court that she was certain that the accident occurred on April 23, 2004, the date she provided in her response to Defendant's request for admissions. She stated that the dates provided elsewhere were incorrect, possibly due to a typographical error.

3

As for Plaintiff's repeated allegation that she broke a bone in her hand a result of the accident, Plaintiff admitted that she had not in fact broken her hand, but had suffered a radial displacement of the ulna.  She could not explain why she had previously stated that she broke a bone in her hand.  As to her claim for damages in the form of loss of earnings, Plaintiff admitted that at the time of the accident, she was already 100% disabled, unemployed, and receiving full social security benefits, and could not explain to the Court why she had claimed such damages in her complaint.  As for Plaintiff's allegation that her husband lost his job as a result of the accident, and her claim for damages related thereto, Plaintiff first clarified that she was not seeking damages relating to her husband's lost job (even though she previously claimed that she was).  She went on to state that her husband lost his job, in part, because he missed multiple days of work so that he could drive her to and from various doctors' appointments.

As to her claim that as a result of the accident she suffered damages in the form of a lost business opportunity, Plaintiff stated that after her injury, she was approached by her pastor regarding a part-time position whereby Plaintiff would work from home, on a computer, as some kind of travel agent.  Because of her injured hand, Plaintiff was unable to participate in this business opportunity, as she cannot use a computer.  When confronted with her deposition testimony wherein she indicated that she was approached regarding the business opportunity *before* her injury, Plaintiff tried to explain that that was not what she meant when she said "[m]y pastor was going to . . . start me up with a program.  But once I had got hurt, I couldn't do it because I had to have use of both of my hands for the computer.  So that stopped me right there . . . I couldn't pursue that anymore."  (Dewdney Depo. at 146.)

The Court also asked Plaintiff specific questions regarding her claim that as a result of

4

her injury she suffered damages in the form of loss of capacity for the enjoyment of life because she can no longer enjoy certain activities such as softball, biking or bowling.  Plaintiff stated that she had not played softball since before 2000 and had not ridden a bike since 2002.  When confronted with her deposition testimony, wherein she stated that she had not ridden a bike since 1999, Plaintiff stated that she must have given the wrong date at her deposition.  When her husband was asked when the last time Plaintiff had gone bowling was, he responded that he had never known Plaintiff to bowl, and that he and the Plaintiff had been married for fourteen years.

The Court also tried to get Plaintiff to clarify when she first went to the emergency room and when she was first seen by a doctor.  Plaintiff explained that on the same night as the accident, she went to the emergency room, but went home because it was too busy.  She stated that she went back to the emergency room the next day, on April 24, 2004, and was seen by a doctor.  Plaintiff was informed that the hospital documents reflected that she first went to the hospital on April 24, 2004 and left without being seen, and then returned to the hospital on April 25, 2004 and was seen by a doctor.  Plaintiff maintained that her side of the story was true, and stated that she believes the hospital's documentation is incorrect.

When questioned about her loss of hand strength, Plaintiff said that she was not aware of any specifics regarding her hand strength test results, but she knew her injured hand was much weaker.  Regarding her claim that she suffered damages in the form of aggravation of previously existing conditions, Plaintiff stated that it was the litigation of this case that has aggravated her previously existing heart problems, not her hand injury.  Finally, as to Plaintiff's statement at her deposition that she had video or photographic evidence in support of her case, Plaintiff explained that one of her former attorneys had previously informed her that he had taken some photographs

or video of the drive-through window area where the accident occurred, but that she never got any copies of such photographs or video.

After considering the filings before the Court prior to the hearing, and the evidence presented to the Court at the hearing, the Court agrees that there are significant inconsistencies in the Plaintiff's story. The Court also agrees that a sanction is necessary, but finds that the inconsistencies complained of in Defendant's motion and at the hearing are not so egregious as to warrant an involuntary dismissal with prejudice. Rather, the Court imposes the following sanctions:

(1) Plaintiff is prohibited from testifying that she broke any bones as a result of the accident that is the subject of this action;

(2) Plaintiff's claim for damages in the form of a loss of earnings is stricken;

(3) Plaintiff's claim for damages based on the fact that her husband lost his job due, in part, to missing multiple days of work so that he could drive her to and from various doctors' appointments is stricken;

(4) Plaintiff's claim for damages in the form of a lost business opportunity is stricken;

(5) Plaintiff is prohibited from testifying as to a loss of capacity for the enjoyment of life because she can no longer enjoy activities such as softball, biking or bowling. Plaintiff's claim for damages in the form of such loss of capacity for the enjoyment of life based on her inability to play softball, go biking, or go bowling is stricken;

(6) Plaintiff is prohibited from testifying that the litigation of this case has caused her to suffer damages in the form of an aggravation of a previously existing

condition.  Plaintiff's claim for damages in the form of an aggravation of a

previously existing condition is stricken; and

(7)     Any video or photographic evidence that Plaintiff has failed to deliver to

Defendant shall be excluded from evidence during the trial of this case.

The Court finds that the sanctions imposed herein are appropriate under the established law and

facts of this case, and are well within this Court's authority to impose lesser sanctions than

dismissal with prejudice.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Betty

K. Agencies Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for

Involuntary Dismissal with Prejudice Based on Plaintiff's Fraud on the Court (Doc. No. 19) is

**DENIED**.  A Pretrial Conference will be held in the Sam M. Gibbons United States Courthouse,

Courtroom 14A, Fourteenth Floor, Tampa, Florida on Thursday, June 26, 2008, at 8:30 a.m.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of June, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Plaintiff

7